UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-343-FDW

| | |
|---|---|
| JOHN EDWARD KUPLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | **ORDER** |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). On June 20, 2013, the Clerk of this Court entered an Order granting Plaintiff in forma pauperis status and waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6).

## I. BACKGROUND

Pro se Plaintiff John Edward Kuplen, a state court inmate currently incarcerated at Albemarle Correctional Institution in Badin, North Carolina, filed this action on June 4, 2013. Plaintiff names as Defendants the "U.S. Department of Justice" and the "Federal Bureau of Investigation." Plaintiff is appealing a decision of the FBI upholding its refusal to disclose certain records that Plaintiff requested. Plaintiff purports to bring claims under the federal Freedom of Information Act, 5 U.S.C. § 552, and the federal Privacy Act, 5 U.S.C. § 552a (hereinafter referred as to the "Freedom of Information and Privacy Act" claim or the "FOIPA"

1

claim).¹ (Doc. No. 1 at 1). Plaintiff also alleges that Defendants denied his right of access to public records under the First and Fourteenth Amendments of the U.S. Constitution.

In the Complaint, Plaintiff essentially contends that he was wrongly convicted of a crime, and that he sought certain records from Defendants relevant to his conviction to show that the scientific evidence used to obtain his conviction was faulty and unreliable. Plaintiff does not state the crime for which he was convicted, but this Court takes judicial notice that on May 3, 1984, in Guilford County Superior Court, Plaintiff was convicted of first-degree sexual offense, attempted first-degree rape, and assault with a deadly weapon with intent to kill inflicting serious injury. Plaintiff was sentenced to life imprisonment for the first-degree sexual offense, twenty years for the attempted first-degree rape, and twenty years for the assault with a deadly weapon with intent to kill inflicting serious injury. On May 6, 1986, the North Carolina Supreme Court affirmed Plaintiff's conviction and sentence. State v. Kuplen, 316 N.C. 387, 343 S.E.2d 793 (1986).

In the Complaint, Plaintiff alleges that a "whistleblower" named Whitehurst "blew the whistle in the early 1990s on defendant which investigation found, among other things, faulty scientific analysis and flawed agent testimony for the prosecution; and this is the approximate time period including my wrongful convictions." See (Doc. No. 1 at 4). Plaintiff also alleges that FBI crime laboratory agents named Chester Blythe, James Corby, and Maureen Higgins testified at Plaintiff's state court criminal trial in 1984 "regarding [the agents'] scientific analysis and opinions and submitted documents" and that Whitehurst subsequently "sparked a major review of the defendant lab that found, among other things, faulty scientific analysis and

---

¹ Plaintiff alleges that he has exhausted all available administrative remedies before bringing this suit. (Doc. No. 1 at 3).

inaccurate testing methods." (Id. at 5).

In support of his purported claims in this action, Plaintiff alleges that he "submitted a Freedom of Information Act and Privacy Act . . . written request to the defendant and their responses did not address the request or it was denied in whole, including the Waiver of Fees request." (Id. at 1). Plaintiff further alleges that his claim is "based upon, but not limited to" his allegations that "the requested records are relevant and of material [to] aid in the preparation and presentation of plaintiff's pro se post-conviction relief motion" and "the public interest in understanding the operations or activities of the government regarding wrongful convictions." (Id.).

Based on the exhibits attached to Plaintiff's Complaint, the documents requested by Plaintiff included the personnel records for agents Blythe, Corby, and Higgins, including the agents' employment history and positions with the FBI, promotions or demotions, disciplinary reports, etc.; all records related to Plaintiff's 1984 conviction, including lab reports and lab notes, photographs, letters, logs and calibration data, etc.; and complaints filed by whistleblower Whitehurst, the FBI's response and correction action taken, audits in the FBI crime laboratory from 1983, 1984, and 1985, and criminal actions taken against the FBI crime lab agents. See (Doc. No. 1-1 at 3; 4).

The exhibits attached to Plaintiff's Complaint show that in July 2012 Plaintiff submitted requests for numerous documents from Defendants under the FOIPA. (Doc. No. 1-1). By letter dated August 27, 2012, regarding Plaintiff's request for records regarding his own criminal conviction, Defendant FBI responded that the FBI had "conducted a search of the Central Records System," and that the FBI was "unable to identify main file records responsive to the FOIPA." See (Doc. No. 1-4 at 1). Defendants further stated that as to Plaintiff's request as to

3

whether he was on a government watch list, this information was exempt from disclosure under 5 U.S.C. § 552(b)(7)(E). (Id.). Next, as to Plaintiff's requests for documents related to the personnel files for whistleblower Whitehurst and FBI crime lab agents Blythe, Corby, and Higgins, the FBI responded that these records were exempt from disclosure under 5 U.S.C. §§ 552(b)(6) and (b)(7)(C).

Plaintiff appealed the FBI's decision regarding the various records, and the FBI affirmed on appeal by letters dated February 8, 2013; March 12, 2013; March 25, 2013; March 29, 2013; and April 11, 2013. See (Doc. Nos. 1-5; 1-7). In the letter dated February 8, 2013, the FBI stated that, to the extent that Plaintiff's sought access to records that would either confirm or deny the existence of Plaintiff's placement on a government watch list, the information was protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(E). (Id. at 1). The FBI further stated that, as to any other records requested by Plaintiff, the FBI's response that it could "locate no main files responsive to" Plaintiff's request was "correct and [the FBI] conducted an adequate, reasonable search for records responsive to your request." (Id.).

Next, in letters dated March 12, 2013; March 25, 2013; March 29, 2013; and April 11, 2013, the FBI stated that, with regard to Plaintiff's request for personnel records concerning Frederick W. Whitehurst, James Corby, Maureen Higgins, and Chester Blythe, "[t]o the extent that responsive records exist, without consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy" under 5 U.S.C. § 552(b)(7)(C). (Doc. No. 1-7 at 3; 5; 7; 9). The FBI further stated that because the records requested by Plaintiff were exempt from disclosure, the FBI "properly asserted Exemption 7(C) and was not required to conduct a search for the requested records."

4

(Id.).  As to Plaintiff's request for a fee waiver, the FBI stated that because the FBI did not assess a fee, there was no action for the FBI to consider on appeal regarding the fee waiver.  (Id.).

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

The Court finds that Plaintiff's claims survive initial review.  That is, construing Plaintiff's allegations liberally and construing all inferences in his favor, Plaintiff has sufficiently alleged that Defendants have refused to provide him with documents for which he is entitled under the FOIPA.  Although it does appear that some documents are clearly exempt from

5

disclosure, it is not clear that all are exempt.  Therefore, the Court will allow this action to survive initial review, and the Court will order service on Defendants.

   IV.    **CONCLUSION**

In sum, the Complaint survives initial review under Sections 1915 and 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint survives initial review under Sections 1915 and 1915A.

2. The Clerk is instructed to direct the U.S. Marshal to serve Defendants in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.

Signed: October 2, 2013

Frank D. Whitney
Chief United States District Judge