UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-343-FDW

| | |
|---|---|
| JOHN EDWARD KUPLEN, ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, FEDERAL BUREAU ) | |
| INVESTIGATION, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on a motion to dismiss for lack of proper or sufficient service by Defendants Federal Bureau of Investigation and the U.S. Department of Justice. (Doc. No. 20).

I. BACKGROUND

Pro se Plaintiff John Edward Kuplen, a state court inmate currently incarcerated at Albemarle Correctional Institution in Badin, North Carolina, filed this action on June 4, 2013. Plaintiff names as Defendants the "U.S. Department of Justice" and the "Federal Bureau of Investigation." Plaintiff is appealing a decision of the FBI upholding its refusal to disclose certain records that Plaintiff requested. Plaintiff purports to bring claims under the federal Freedom of Information Act, 5 U.S.C. § 552, and the federal Privacy Act, 5 U.S.C. § 552a (hereinafter referred as to the "Freedom of Information and Privacy Act" claim or the "FOIPA" claim). (Doc. No. 1 at 1). Plaintiff also alleges that Defendants denied his right of access to

1

public records under the First and Fourteenth Amendments of the U.S. Constitution. On July 2, 2014, Defendants FBI and the U.S. Department of Justice filed a motion to dismiss Plaintiff's action for lack of proper or sufficient service, and that motion is now pending. (Doc. No. 20).

## II. DISCUSSION

The U.S. Department of Justice has made a limited appearance in this matter, moving to dismiss this case without prejudice pursuant to Rules 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure on the grounds that Plaintiff has not properly or sufficiently served Defendant as required by Rule 4(i), Federal Rules of Civil Procedure. Rule 4(i) requires that service on an agency of the United States must be accomplished by service on three separate entities: the Attorney General, the U.S. Attorney in the District where the action is filed, and the federal agency involved in the litigation.[1]

As Defendant notes, the Court's docket reflects that only one of these three entities was served—the Attorney General. (Doc. No. 17). The Court's docket further shows that the return of service for the FBI was returned as "unexecuted." (Doc. No. 14). Further, there is no return

---

[1] More specifically, Rule 4(i) provides that to serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

FED. R. CIV. P. 4(i).

of service showing that the U.S. Attorney for this District has been served. The failure to serve all three entities as required by Rule 4(i) constitutes insufficiency of service of process and subjects this action to dismissal without prejudice under Rules 12(b)(2), (4) and (5). See Davis v. In Rem: Alleged Lien, Civil Doc. No. 5:06cv77, 2007 WL 1041672, at *3 (W.D.N.C. Mar. 30, 2007) (granting the government's motion to dismiss without prejudice for failure to serve the Attorney General and the U.S. Attorney); see also Clark v. Graham, No. 2:04-cv-1-BO(2), 2004 WL 3327913, at *2 (E.D.N.C. Sept. 27, 2004) (granting motion to dismiss for failure to serve Attorney General), aff'd, 126 Fed. Appx. 112 (4th Cir.), cert. denied, 546 U.S. 872 (2005). Rather than ordering dismissal without prejudice at this time, this Court hereby orders Plaintiff to submit summonses to this Court for service on Defendants so that the U.S. Marshal can properly serve Defendants. The Clerk of this Court shall mail two summons forms to Plaintiff. Plaintiff shall have 20 days from service of this order to return the summonses to the Court for service by the U.S. Marshal.

**IT IS, THEREFORE, ORDERED that:**

1. In accordance with this order, the Clerk of this Court shall mail two summons forms to Plaintiff for service on Defendants FBI and the U.S. Attorney for the Western District of North Carolina. Plaintiff shall have 20 days from service of this order to return the summonses to the Court for service by the U.S. Marshal.

2. If Plaintiff fails to comply with this Order in a timely manner, this action will be dismissed without prejudice and without further notice.

Signed: July 3, 2014

Frank D. Whitney
Chief United States District Judge

3