UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00343-FDW-DCK

| | |
|---|---|
| JOHN EDWARD KUPLEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE, Component, FEDERAL )<br>BUREAU OF INVESTIGATION )<br>)<br>Defendant. ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion to Take Discovery (Doc. No. 37) and Defendants Response (Doc. No. 41). For the reasons stated herein, Plaintiff's Motion is DENIED.

Plaintiff initially filed an administrative agency complaint on June 4, 2013, alleging that the FBI did not adequately respond to his Freedom of Information Act (FOIA) request for documents pertaining to his post-conviction relief motion. He now asks this court to grant discovery based on the subject matter of his extensive FOIA request. The Government's Exhibit 1 (Declaration of David M. Hardy) and sub-Exhibits A-Z detail the "persistent correspondence" concerning Plaintiff's FOIA request. The FBI has provided Plaintiff with over eighty pages of responsive and non-exempt documents pertaining to the investigation of his crimes and subsequent conviction. The information and documents withheld from Plaintiff were based on FOIA exemptions claimed by the FBI, explained in detail in David Hardy's declaration. (Ex. 1). Plaintiff now seeks to evade the limits of FOIA by conducting discovery.

"It is well-established that discovery may be greatly restricted in FOIA cases." Heily v. U.S. Dept. of Commerce, 69 Fed.Appx. 171, 174 (4th Cir. 2003); see also Wheeler v. CIA, 271

F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."). When discovery is permitted in FOIA cases, "it is generally limited to the scope of the agency's search and its indexing and classification procedures." <u>Id.</u> As the Fourth Circuit has said, "the district court has the discretion to limit discovery in FOIA cases and to enter summary judgment on the basis of agency affidavits in a proper case." <u>Simmons v. U.S. Dept. of Justice</u>, 796 F.2d 709, 711-12 (4th Cir. 1986). The agency's affidavits must be "'relatively detailed' and nonconclusory and must be submitted in good faith." <u>Id.</u> (quoting <u>Goland v. Central Intelligence Agency</u>, 607 F.2d 339, 352 (D.C. Cir. 1978). Here, not only has the FBI provided Plaintiff with over eighty pages of responsive and non-exempt documents, but it also has provided him with the detailed and nonconclusory affidavit of David Hardy which explains the FBI reliance on specific exemptions.

Even if discovery were allowed in this FOIA case, it would be limited to the FBI's search, indexing, and classification procedures. See <u>Weisberg v. U.S. Dept. of Justice</u>, 627 F.2d. 365, 371 (D.C. Cir. 1980); <u>Public Citizen Health Research Group v. Food & Drug Admin.</u>, 997 F.Supp. 56, 72 (D.D.C. 1998). The information on the FBI's search for documents, Central Records System ("CRS") and Automated Case Support System ("ACS") has already been provided to Plaintiff in the Hardy Declaration.

Discovery in a FOIA case is the exception, not the rule, and here, Plaintiff has not proven that he is entitled to such an exception. Thus, for the reasons specified above, Plaintiff's Motion to Take Discovery is DENIED.

IT IS SO ORDERED.

Signed: March 9, 2015

Frank D. Whitney
Chief United States District Judge