UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00343-FDW-DCK

| | |
|---|---|
| JOHN EDWARD KUPLEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> US DEPARTMENT OF JUSTICE and ) <br> FEDERAL BUREAU OF ) <br> INVESTIGATION ) <br> ) <br> Defendant. ) | ORDER |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim and Alternative Motion for Summary Judgment (Doc. No. 24) and supporting Memorandum (Doc. No. 25), Plaintiff's Response (Doc. No. 36), and Defendant's Reply (Doc. No. 40). Because the Government's Motion rests on information outside of the pleadings, the Court treats its filing as a motion for summary judgment.[1] For the reasons stated herein, the Government's Motion for Summary Judgment is GRANTED.

## I. FACTS

Plaintiff John Kuplen was convicted after a state court jury trial in 1984 of serious and violent felonies against one female victim. (Doc. No. 25); see also State v. Kuplen, 316 N.C. 387 (1986). In order to gather support for his post-conviction relief motion, Plaintiff filed a FOIA request to the FBI, seeking five categories of documents:

> Categories 1 and 2 sough information sent to the FBI lab from state authorities in connection with his case in January and March 1984;
> Category 3 sought the lab notes of certain FBI employees who worked on his case as well as information regarding such employees' testifying history;

---
[1] The Court has denied Plaintiff's Motion to Take Discovery. (Doc. No. 42).

> Category 4 sough the employment and disciplinary history and credential of the FBI agents involved in his case;
>
> Category 5 sough information regarding former FBI agent Fredrick Whitehurst, who was not involved with the Plaintiff's state court trial, but who became a whistleblower in the 1990's with regard to problems at the FBI Crime Lab, which led to an OIG investigation and report.

To date, Plaintiff has been provided with a redacted copy of his lab file, which included 84 pages of documents. Plaintiff claims that these documents are "heavily redacted, obscure and/or illegible." (Doc. No. 36 at 2). The FBI asserts that all of the remaining information is exempted from disclosure under FOIA. Further, the FBI directed Plaintiff to the publicly available website of the 1997 OIG report of the FBI crime lab, and sent Plaintiff a paper copy when it was put on notice that he did not have access to the online version.

## II. ANALYSIS

Upon receipt of a FOIA request, agencies are under an obligation to conduct a search that is "reasonably calculated to uncover all relevant documents" demanded by the individual making the request. Weisburg v. U.S. Dept. of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1990). The agency must show beyond material doubt that a reasonable search was conducted, and that the agency made "a good faith effort to conduct a search for the requested records using methods which can reasonably be expected to produce the information requested." See id.; Davis v. Dep't of Defense, 2010 WL 1837925, *4 (W.D.N.C. 2010); Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). In order to make this showing, the agency must provide the Court with affidavits of responsible agency officials that are "relatively detailed," nonconclusory, and submitted in good faith." See Simmons v. U.S. Dept. of Justice, 796 F.2d 709, 711-12 (4th Cir. 1986). Such declarations are granted "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"

2

SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1200 (D.C.Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C.Cir. 1981).

Here, the Government provided Plaintiff and the Court with the Declaration of David M. Hardy, Section Chief of the Record/Information Dissemination Sections ("RIDS"), Records Management Division ("RMD"). (Exhibit 1). In the Declaration, Hardy describes the process used to locate files for each of Plaintiff's FOIA requests. The FBI "conducted a search of the automated indices to the CRS to identify all potentially responsive files" and released to Plaintiff the relevant and appropriate documents found through the search. (Ex. 1 at 39-41). Plaintiff has not rebutted the presumption of good faith to which Hardy's Declaration is entitled, and as such, the Court is satisfied that the FBI's search was adequate and reasonable.

Turning now to Plaintiff's other arguments, the Court finds that the personnel records Plaintiff seeks are not subject to the public interest exception to FOIA exemptions for personnel records found in 5 U.S.C. § 522(b)(6) and (b)(7)(c).[2] Plaintiff claims that "the lawless, arbitrary and unconstitutional history of the defendant DOJ . .. and [the] FBI pertaining to wrongful convictions of prisoners" is a subject "of significant public interest." (Doc. No. 36 at 2). Accordingly, Plaintiff claims that the public has an interest "in revealing the government misconduct plaintiff has alleged, i.e., 'junk science'", and that this interest outweighs the privacy interest the FBI has in keeping those records confidential. (Doc. No. 36 at 5).

---

[2] The statute provides in pertinent part that "[t]his section does not apply to matters that are—
    (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;
    (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy . . . .

3

The Privacy Act provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with prior written consent of, the individual to whom the record pertains . . . ." 5 U.S.C. § 522a(b). Combined with the privacy interests protected by the FOIA exemptions, which "are to be broadly construed," U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 763 (1989), the Privacy Act protects the FBI from disclosing either the personnel records of the lab employees or the personnel information of Fredrick Whitehurst.

Plaintiff, as the requesting party, bears the burden of showing that " (1) the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake," and (2) "show the information is likely to advance that interest." Casa De Maryland, Inc. v. U.S. Department of Homeland Sec., 409 Fed.Appx. 697, 700 (4th Cir. 2011) (citing National Archives & Records Admin. v. Favish, 541 U.S. 157, 172 (2004). When determining whether a public interest outweighs the privacy interest, "the only relevant public interest in disclosure 'is the extent to which disclosure would serve the "core purpose of FOIA," which is "contribut[ing] significantly to public understanding of the operations or activities of the government.'" Consumers' Checkbook Center for the Study of Services v. U.S. Dept. of Health and Human Services, 554 F.3d 1046, 1051 (D.C.Cir. 2009) (quoting U.S. Dep't of Def. v. FLRA, 510 U.S. 487, 495 (1994) (quoting U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 775 (1989))). "The requested information must 'shed[] light on an agency's performance of its statutory duties.' . . . '[I]nformation about private citizens . . . that reveals little or nothing about an agency's own conduct" does not serve a relevant public interest

4

under FOIA.'" Consumers' Checkbook, 554 F.3d at 1051 (quoting Reporters Comm., 498 U.S. at 773).

Defendant has not articulated a valid reason why a public interest would be served by the disclosure of the personnel files of the witnesses who testified at his trial. The public at large has no interest in the files and records of those witnesses. The fact that some FBI lab employees other than those who testified at Plaintiff's trial were investigated for misconduct does not create any public interest in the personnel files of the employees who were not investigated. Similarly, the personnel information of the Frederick Whitehurst is protected by the Privacy Act. His whistleblowing led to the OIG report, which has been released to the public online and has been provided via paper copy to Plaintiff.

Further, Plaintiff argues that the FBI agents who testified against him waived their rights to disclosure of personnel records related to their credibility. (Doc. No. 36 at 3). However, plaintiff has not cited a FOIA case on point supporting his argument. Thus, his claim is without merit.

### III. Conclusion

In conclusion, the Court finds that Plaintiff has not demonstrated that the FBI did not adequately respond to his FOIA request or that the records exempted from disclosure should be revealed to him under the public interest exception. For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Signed: March 9, 2015

Frank D. Whitney
Chief United States District Judge