UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-343-FDW

| | |
|---|---|
| JOHN EDWARD KUPLEN, ) | |
| ) | |
|       **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, FEDERAL BUREAU ) | |
| INVESTIGATION, ) | |
| ) | |
|       **Defendants.** ) | |

**THIS MATTER** comes before the Court on a Motion for Reconsideration by pro se Plaintiff John Kuplen, (Doc. No. 51).

On June 4, 2013, Plaintiff John Kuplen, a North Carolina state court inmate incarcerated at Albermarle Correctional Institution, filed the underlying lawsuit pursuant to the Freedom of Information Act, in which he named as Defendants the U.S. Department of Justice and the Federal Bureau of Investigation. Plaintiff alleged that Defendants violated the FOIA by refusing to disclose certain documents sought by Plaintiff related to his 1984 conviction in Guilford County, North Carolina, for first-degree sexual offense, attempted first-degree rape, and assault with a deadly weapon with intent to kill inflicting serious injury. In an Order dated March 9, 2015, this Court granted summary judgment to Defendants. (Doc. No. 43).

On April 10, 2015, Plaintiff filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the

Federal Rules of Civil Procedure.  With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)).  Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered."  Id.  Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'"  Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted.  That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law.  Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him.  See Hill, 277 F.3d at 708.  In sum, the Court will deny Plaintiff's motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 51), is **DENIED**.

Signed: April 13, 2015

Frank D. Whitney
Chief United States District Judge